UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Loren Noreen, | Civ. No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| PharMerica Corporation, | **Jury Trial Demand** |
| Defendant. | |

Plaintiff Loren Noreen, by his attorneys Snyder & Brandt, P.A., brings this action for damages and other legal and equitable relief, stating the following as his claims against Defendant PharMerica Corporation:

### INTRODUCTION

This is an age discrimination action brought by Plaintiff Loren Noreen (hereinafter "Plaintiff") against his former employer Defendant PharMerica Corporation (hereinafter "PharMerica"), for whom he had worked for 38 years.  Plaintiff was one of two pharmacists, both age 62 at that time, who were summarily terminated on December 30, 2013, from PharMerica's Fridley, MN, location, supposedly due to position eliminations.  Less than two weeks later, PharMerica posted that same pharmacy position at the same location as open.  Plaintiff applied three times for that open position, both by online applications and by a written application sent by certified mail, but he received no response of any kind from PharMerica.  A far less experienced person, believed to be more than thirty years younger than Plaintiff, was then hired to fill that open pharmacy

1

position by PharMerica at its Fridley, Minnesota location in or about March 2014. Plaintiff believes and asserts that he was terminated and that he was not hired due to his age in violation of both Federal and Minnesota anti-discrimination laws.

## PARTIES

1. Plaintiff is an individual who resides in Corcoran, Minnesota.

2. Upon information and belief, PharMerica is a Kentucky corporation with its principal place of business located at 1901 Campus Place, Louisville, Kentucky 40299. PharMerica employs more than 4,500 people.

3. PharMerica is a non-retail, nationwide pharmaceutical company that provides pharmacy services primarily to nursing homes and hospitals.

4. Plaintiff was formerly employed as PharMerica's "employee" within the meaning of 29 U.S.C. § 630(f) and Minn. Stat. § 363A.03, and PharMerica was Plaintiff's "employer" within the meaning of 29 U.S.C. § 630(b), Minn. Stat. § 363A.03, and Minn. Stat. § 181.81.

## JURISDICTION AND VENUE

5. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Accordingly, jurisdiction is proper under 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 to adjudicate Plaintiff's claims under Minnesota law, including his claims under the Minnesota Human Rights Act, Minn. Stat. § 363A.01, *et seq.* ("MHRA") and Minn. Stat. § 181.81.

7. Venue is proper under 28 U.S.C. § 1391 because the unlawful practices described herein were committed in the District of Minnesota.

## ADMINISTRATIVE CHARGE AND PROCEEDINGS

8. On or about April 15, 2014, Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Minnesota Department of Human Rights ("MDHR"), alleging among other things that PharMerica discriminated against Plaintiff on the basis of age in violation of the ADEA and MHRA by terminating his employment and by hiring a younger, less qualified worker to fill Plaintiff's vacated position rather than to re-hire Plaintiff.

9. On or about June 25, 2014, the EEOC issued a Notice of Right to Sue to Plaintiff, which stated that he could file a lawsuit within 90 days of receipt of the Notice.

10. On or about June 30, 2014, Plaintiff notified the MDHR Commissioner of his intent to bring a civil action in regard to the matters alleged in his administrative charge.

11. Plaintiff has timely and properly commenced this action under the ADEA, and the MHRA.

## FACTUAL ALLEGATIONS

12. Plaintiff was hired by Pharmacy Corporation of America in 1975 after becoming a licensed pharmacist. After a merger in 1997, Pharmacy Corporation of America became PharMerica. In all, Plaintiff was continuously employed by PharMerica as a pharmacist for 38 years, from 1975 until December 30, 2013. In 2013, Plaintiff was employed at PharMerica's Fridley, Minnesota location.

13.     Plaintiff performed well in his employment with PharMerica.  He received positive performance review and was awarded regular performance-based salary increases throughout his 38-year employment.

14.     In November 2012, Plaintiff began reporting to a newly-hired manager named Dan Teich ("Teich").

15.     Teich expressed his preference for younger worker at PharMerica with ageist statements like, "[Y]our generation is different from my generation" because "my generation has an emphasis on family rather than other activities."  Teich also criticized the older pharmacists at PharMerica as being "resistant to change."

16.     On December 30, 2013, Teich and Regional Manager Cory Rife ("Rife") notified Plaintiff of his termination during a meeting.

17.     During the termination meeting, Plaintiff asked several times for an explanation for his termination.  Rife replied, "I heard something about inflexibility." Teich replied, "I'm not going to tell you anything."

18.     After the meeting on December 30, 2013, Plaintiff was given a termination letter dated December 22, 2013, and attached Separation Agreement from Richard Hollar, the Director of Human Resources, based in Louisville, Kentucky.

19.     The Separation Agreement offered Plaintiff eight weeks of severance pay in exchange for Plaintiff's releasing all claims against PharMerica, including claims for age discrimination.

20.     PharMerica attached a list entitled "Information Concerning Employment Termination Program" that read, in its entirety:

4

**Exhibit A**

One employee at age 37

One employee at age 52

One employee at age 53

One employee at age 54

One employee at age 55

One employee at age 62

One employee at age 65

One employee at age 67

21. PharMerica included the above list in an attempt to confuse Plaintiff and to project the appearance of full disclosure in order to make Plaintiff believe that PharMerica's termination of him had been done properly and in compliance with the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f) and to encourage him to release his age discrimination claims.

22. The proffered Separation Agreement violated the OWBPA because it was deficient for several reasons including, but not limited to: (i) it was not written with language that a lay person could understand; (ii) it failed to properly identify the "decisional unit" for the termination decisions; (iii) it failed to accurately identify the job titles and ages of those employees selected for termination and those employees selected for retention.

23. The Separation Agreement does not serve as a waiver of Plaintiff's claims under the MHRA because, without limitation, the Separation Agreement did not inform

5

Plaintiff that he had the right to rescind the Separation Agreement within fifteen calendar days of its execution.

24. Plaintiff was one of three older pharmacists at the Fridley, Minnesota location terminated by PharMerica. David Tschida, another pharmacist, was also terminated by PharMerica at age 62 on December 30, 2013 from PharMerica's Fridley, Minnesota location. Mike Kelly, another pharmacist, had been terminated two months earlier in October 2013 at age 55.

25. On January 3, 2014, Plaintiff sent a written demand to PharMerica for a "truthful reason" for Plaintiff's termination, pursuant to Minn. Stat. § 181.933. On January 22, 2014, PharMerica responded that Plaintiff was terminated due to a "reduction in force" without any explanation as to why Plaintiff was selected to be a part of that reduction.

26. One week after Plaintiff's termination, on January 7, 2014, Teich announced plans to hire one new pharmacist and three pharmacy technicians for the Fridley location. A staff member asked Teich whether the pharmacists who had just been laid off would be hired back to PharMerica to which Teich replied, "no, but they can re-apply."

27. On January 10, 2014, less than two weeks after Plaintiff's termination, PharMerica formally posted openings for one Staff Pharmacist and three Pharmacy Technicians for its Fridley location. The written job description for the Staff Pharmacist position precisely described the position that Plaintiff had held at PharMerica for many

years at the same Fridley, Minnesota location making Plaintiff uniquely qualified for that position.

28. Plaintiff applied for the open Staff Pharmacist position at PharMerica's Fridley, Minnesota location three separate times: (i) online on January 15, 2015; (ii) by overnight mail on January 24, 2014; and, (iii) online again in February 2014 (after the same position was again posted as still open on February 7, 2014).

29. PharMerica did not respond to any of Plaintiff's applications for the Staff Pharmacist position.

30. In or about March 2014, PharMerica filled the open Staff Pharmacist position at its Fridley, Minnesota location with a person who is more than 30 years younger than Plaintiff and much less experienced, being only 3-4 years out of school.

31. Teich and PharMerica selected Plaintiff for termination because of Plaintiff's age.

32. Teich and PharMerica refused to hire Plaintiff to its open Staff Pharmacist position, despite Plaintiff's unique qualifications for that position, because of Plaintiff's age.

## COUNT ONE

## ADEA: AGE DISCRIMINATION – TERMINATION OF EMPLOYMENT

33. By reference hereto, Plaintiff incorporates the preceding paragraphs as if fully stated herein.

34. Under the ADEA, it is unlawful to discriminate against an employee by terminating that employee because of age.

35. The conduct of PharMerica as described herein constituted willful age discrimination in violation of the ADEA.

36. As a direct result of PharMerica's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of back pay and benefits, together with interest thereon, and future pay and benefits.

## COUNT TWO

### ADEA: AGE DISCRIMINATION – FAILURE TO HIRE

37. By reference hereto, Plaintiff incorporates the preceding paragraphs as if fully stated herein.

38. Under the ADEA it is unlawful to discriminate against an employee by refusing to hire that employee because of age.

39. The conduct of PharMerica as described herein constituted willful age discrimination in violation of the ADEA.

40. As a direct result of PharMerica's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of back pay and benefits, together with interest thereon, and future pay and benefits.

## COUNT THREE

### MHRA: AGE DISCRIMINATION – TERMINATION OF EMPLOYMENT

41. By reference hereto, Plaintiff incorporates the preceding paragraphs as if fully stated herein.

42. Under the MHRA it is unlawful to discriminate against an employee by terminating that employee because of age.

43. The conduct of PharMerica as described herein constituted age discrimination in violation of the MHRA.

44. As a direct result of PharMerica's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of past and future income and employee benefits, mental anguish, humiliation, embarrassment, and other damages.

## COUNT FOUR

## MHRA: AGE DISCRIMINATION – FAILURE TO HIRE

45. By reference hereto, Plaintiff incorporates the preceding paragraphs as if fully stated herein.

46. Under the MHRA it is unlawful to discriminate against an employee by refusing to hire that employee because of age.

47. The conduct of PharMerica as described herein constituted age discrimination in violation of the MHRA.

48. As a direct result of PharMerica's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of past and future income and employee benefits, mental anguish, humiliation, embarrassment, and other damages.

## COUNT FIVE

## MINNESOTA STATUTE SECTION 181.81: DISMISSAL FOR AGE

49. By reference hereto, Plaintiff incorporates the preceding paragraphs as if fully stated herein.

50. Minn. Stat. § 181.81 provides that it is unlawful for any private sector employer "to discharge … any individual on the grounds that the individual has reached an age of less than 70…"

51. The conduct of PharMerica described herein constituted a violation of Minn. Stat. § 181.81.

52. As a direct result of PharMerica's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of back pay and benefits, together with interest thereon, and future pay and benefits.

## COUNT SIX

## DECLARATORY JUDGMENT: RELEASE OF ADEA CLAIMS

53. By reference hereto, Plaintiff incorporates the preceding paragraphs as if fully stated herein.

54. PharMerica sought to obtain a release of age discrimination claims under the ADEA from Plaintiff without complying with the OWBPA.

55. The proffered Separation Agreement violated the OWBPA because it was deficient for several reasons including, but not limited to: (i) it was not written with language that a lay person could understand; (ii) it failed to properly identify the "decisional unit" for the termination decisions; (iii) it failed to accurately identify the job titles and ages of those employees selected for termination and those employees selected for retention.

56. Plaintiff is entitled to a declaration from the Court that PharMerica failed to comply with the OWBPA in seeking and obtaining a release of age discrimination claims

under the ADEA from Plaintiff and that, as a result, the Separation Agreement is invalid insomuch as it purports to defeat Plaintiff's age discrimination claims under the ADEA.

## COUNT SEVEN

## DECLARATORY JUDGMENT: RELEASE OF MHRA CLAIMS

57. By reference hereto, Plaintiff incorporates the preceding paragraphs as if fully stated herein.

58. PharMerica sought to obtain a release of age discrimination claims under the MHRA from Plaintiff without complying with the MHRA.

59. The proffered Separation Agreement violated the MHRA because it was deficient for several reasons including, but not limited to, it did not inform Plaintiff that he had the right to rescind the Separation Agreement within 15 calendar days of its execution.

60. Plaintiff is entitled to a declaration from the Court that PharMerica failed to comply with the MHRA in seeking and obtaining a release of age discrimination claims under the MHRA from Plaintiff and that, as a result, the Separation Agreement is invalid insomuch as it purports to defeat Plaintiff's age discrimination claims under the MHRA.

## JURY TRIAL DEMAND

61. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant as follows:

1. That Plaintiff be awarded all relief available under the ADEA, including back pay and benefits, together with interest thereon, and reinstatement or front pay and benefits for the period remaining until Plaintiff's expected retirement age, as well as liquidated damages;

2. That Plaintiff be awarded all relief available under the Minnesota Human Rights Act, including, but not limited to, back pay and benefits, together with interest thereon, and reinstatement or front pay and benefits for the period remaining until Plaintiff's expected retirement age, as well as compensatory damages in an amount up to three times the actual damages sustained;

3. That Plaintiff be awarded all relief available under Minnesota Statute § 181.81, including, but not limited to, back pay and benefits, together with interest thereon, and reinstatement or front pay and benefits for the period remaining until Plaintiff's expected retirement age;

4. Punitive damages against Defendants pursuant to Minnesota Statute §363.A.29

5. For compensatory damages for mental anguish in an amount in excess of $75,000 pursuant to Minnesota Statute §363.A.29;

6. Awarding Plaintiff prejudgment interest;

7. For Plaintiff's attorneys' fees, costs and disbursements incurred herein;

8. For a civil penalty against Defendants pursuant to Minnesota Statute § 363A.33;

9. For a declaration that the release of age discrimination claims under the ADEA obtained by PharMerica from Plaintiff is invalid as a matter of law;

10. For a declaration that the release of age discrimination claims under the MHRA obtained by PharMerica from Plaintiff is invalid as a matter of law; and

11. For such other and further relief as the Court deems just and appropriate.

**SNYDER & BRANDT, P.A.**

Dated:  July 11, 2014

*s/ Stephen J. Snyder*
Stephen J. Snyder (# 103019)
Brent C. Snyder (# 034879X)

Canadian Pacific Plaza, Suite 2550
120 South Sixth Street
Minneapolis, MN  55402
(612) 787-3100 (telephone)
(612) 333-9116 (facsimile)

**Attorneys for Plaintiff**